UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OGM LTD., d/b/a CLEAN WATER, LTD.,

    Plaintiff,

    v.

KUBCO DECANTER SERVICES, INC.,

    Defendant.

Case No. 2:13-cv-829
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION & ORDER

This matter is before the Court for consideration of Plaintiff's motion for reconsideration (ECF No. 27) of the Magistrate Judge's September 4, 2014 Order (ECF No. 24). For the reasons that follow, the Court **DENIES** the motion for reconsideration and **DECLINES TO SET ASIDE** the Order.

### I. Background

The facts underlying this dispute are set forth more fully in the Order. Essentially, this case arises from Plaintiff OGM Ltd. d/b/a Clean Water, Ltd.'s ("Clean Water") purchase of a refurbished centrifuge from Defendant Kubco Decanter Services, Inc. ("Kubco"). (*See* ECF No. 1.) After experiencing issues with the centrifuge, Clean Water filed suit against Kubco, asserting five causes of action: breach of contract; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; and fraud. (*Id.*)

On July 1, 2014, Clean Water filed a motion for leave to amend its complaint. (ECF No. 18.) This Court had previously filed a Scheduling Order establishing January 15, 2014 as the deadline by which the Parties were to file any motions to amend. (ECF No. 10.) Through its

1

motion, Clean Water sought to add Centrifuge Repair & Engineering, LP ("CRE") as a Defendant. In its motion, Clean Water asserted that it did not learn until the May 13, 2014 deposition of Kubco's Vice President of Sales, Russell O'Brien, that CRE was involved in the matter. (*Id*. at 3.) Kubco opposed Plaintiff's motion due to its untimeliness and Clean Water's alleged failure to substantiate its cause of action. (ECF No. 19.)

In his September 4, 2014 Order, the Magistrate Judge analyzed Plaintiff's motion to file an amended complaint. (ECF No. 24.) The Magistrate Judge determined that the relevant issue was whether, "despite its diligence, [Clean Water] was unable to move for leave to amend prior to the deadline of January 15, 2014." (*Id*. at 5.) Upon review of the Parties' arguments, the Magistrate Judge concluded that Clean Water failed to show its diligence, and, in turn, was unable to demonstrate good cause for an extension of the amendment deadline. (*Id*.)

Plaintiff filed timely its motion for reconsideration to the Magistrate Judge's Order. (ECF No. 27.) The Court now considers the motion.

## II. Standard of Review

Plaintiff argues that this Court should set aside the Magistrate Judge's Order. Though Plaintiff's motion lacks reference to Rule 72(a), the Court construes it as a properly styled objection to the Magistrate Judge's Order. Under Rule 72(a), a party may object to a Magistrate Judge's order on nondispositive matters. The district judge must consider those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrates.' " *In re Search Warrants Issued Aug. 29, 1994,* 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 Moore's Federal Practice ¶ 72.03).

## III. Analysis

Federal Rule of Civil Procedure 15(a) dictates that the Court " 'should freely give leave [to amend the pleadings] when justice so requires.' " *See Ross v. American Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). But "when a plaintiff moves to amend the complaint after the deadline established by a scheduling order, the 'plaintiff first must show good cause under [Federal Rule of Civil Procedure] 16(b).'" *Id*. (citing *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal citation omitted)). Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See Thomas v. Tennessee Dept. of Transp.*, 579 F. App'x 331, 333 (6th Cir. 2014).

Moreover, "the district court must evaluate prejudice to the nonmoving party before 'a court will [even] consider whether amendment is proper under Rule 15(a).' " (*Id*.) When a motion to amend is filed untimely after the deadline, the moving party must show good cause in order for the court to grant the belated motion. *Coe v. Homecomings Financial, LLC*, 509 F. App'x 520, 522 (6th Cir. 2013) (citing *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)); *see also Thomas*, 579 F. App'x at 334. To demonstrate properly good cause, the moving party "must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross*, 567 F. App'x at 306 (citing *Leary*, 349 F.3d at 906).

Plaintiff asserts that it had "good cause" to file untimely its motion to amend. (ECF No. 27 at 3.) Based on that alleged good cause, Clean Water contends that the Magistrate Judge erred by not delving into the Rule 15(a) analysis. Plaintiff argues that the Magistrate Judge's analysis was made through a baseless interpretation of the relevant facts. Plaintiff insists that it did not know about CRE's involvement, and "[could not] simply take the word of counsel in an informal discussion and use that as the basis of a lawsuit or the basis to amend a lawsuit without

something more." (*Id*. at 5.) According to Clean Water, it was not until discovery had been completed—six months after the motion to amend deadline—that Plaintiff decided CRE needed to be named as a party to the case. Plaintiff proffers that such a conclusion, though made after the deadline for motions to amend, constitutes good cause.

Plaintiff maintains that, because the basis of the lawsuit is a "fairly simple transaction," its subsequent request to add CRE as a defendant was done so diligently. First, Plaintiff claims that CRE's involvement was discovered only during the pendency of discovery. Clean Water believed that it had acquired all of the necessary and relevant documents and written information, so no written discovery was served. It was not until the deposition of Russell O'Brien, Kubco's Vice President of Sales, that Clean Water apparently realized CRE's involvement in the case. Thus, Clean Water filed its motion upon determining that CRE was more heavily involved in the facts of the case.

Next, Plaintiff asserts that it should not be faulted for failing to rely on statements made by Defendant. Plaintiff claims that an email discussing CRE was not significant enough to demonstrate CRE's involvement, especially due to the lack of further documentation regarding CRE's part in the transaction. Additionally, Plaintiff argues that it should not be held at fault for failing to depose a former Clean Water employee who may have a greater understanding of CRE's participation in the transaction at issue.

Finally, Plaintiff insists that it was not attempting to absolve itself of responsibility in citing its reasons for delay in seeking leave to amend the complaint. Plaintiff relies on this Court's analysis in *Discover Bank v. New Vision Financial, LLC*, Case No. 03-cv-686, 2005 WL 1865369 (S.D. Ohio Aug. 1, 2005), in which the Court considered Discover Bank's argument for leave to amend the complaint and reopen discovery. In *Discover Bank*, this Court determined

that, based on the complicated discovery schedule, plaintiff could seek leave to amend its complaint even after the amendment deadline had passed.  (*Id*. at *4).  The Court found that Discover Bank demonstrated good cause for moving to amend, and thus continued onto the Rule 15(a) analysis, through which the Court found that the plaintiff's claims could proceed.  (*Id*.)  Plaintiff insists that the case *sub judice* is "quite similar to *Discover Bank* in that it determined through discovery that it could assert claims against another party and did so in a timely fashion."  (ECF No. 27 at 10.)

Defendant counters that Plaintiff offers "nothing new of substance" to support its motion for reconsideration.  (ECF No. 29 at 1.)  Moreover, Kubco asserts that Clean Water's failure to rebut "certain unequivocal evidence and established facts" renders its objections meritless.  (*Id*.)  Defendant argues that Clean Water's failure to depose one its former employees who allegedly had knowledge of CRE's involvement, does not forgive Plaintiff's failure to include CRE as a party to the case.  Defendant claims that, despite Plaintiff's insistence that it should not be held liable for choosing not to rely on informal discussions with counsel, such discussions took place at the preliminary pretrial conference held in front of the Magistrate Judge.  Defendant further contends that Plaintiff's counsel stated that he would look into CRE's involvement, and that such a conversation was held in the context of the Magistrate's inquiry into the possibility of the Parties amending the pleadings.  Defendant maintains that, though Plaintiff continually insists that it was unaware of CRE's full role in the transaction, such an excuse does not negate Plaintiff's knowledge of CRE prior to filing the complaint, and as set forth at the preliminary pretrial conference.

Defendant next considers Plaintiff's reliance on *Discover Bank*, deeming it unfounded.  According to Defendant, the gravamen of this Court's decision to permit amendment of the

5

complaint was the clear lack of sufficient information in which Discover Bank could ground its claims against the additional parties. In the case *sub judice*, however, Defendant contends that the complaint and main causes of action relate to defects in the centrifuge, of which CRE was the manufacturer. As such, Defendant insists that Plaintiff knew, or should have known, CRE's role and added timely CRE as a party.

Though Plaintiff insists that the Magistrate Judge erred by neglecting to go through a Rule 15(a) analysis of Plaintiff's late motion, Plaintiff has failed to set forth arguments that persuade this Court that its motion to amend meets the good cause required by Rule 16(b), which is the preliminary measure that must be met before beginning a Rule 15(a) inquiry. As the Magistrate Judge stated, Plaintiff's arguments in support of its motion to amend do not "detail any efforts to obtain [the relevant] information from Kubco at any time prior to the depositions, whether written or otherwise." (ECF No. 24 at 6.) The same remains true in Plaintiff's objections.

Clean Water has presented, at best, extremely similar and unconvincing arguments to show how it has demonstrated good cause. Plaintiff does not sufficiently explain why it chose not to pursue CRE as an additional party at an earlier point in the litigation. Even though it claims that it was unaware of the extent of CRE's involvement until O'Brien's May 13, 2014 deposition, Plaintiff fails to make clear why it waited nearly two additional months before filing its motion to amend. Moreover, Plaintiff's only mention of any possible prejudice its motion might cause Defendant is made in passing, with Plaintiff insisting that the delay "was not such a length of time that it prejudiced any party." (ECF No. 27 at 9.) Clean Water's shallow reference to prejudice certainly does not convince this Court that the untimely motion would, indeed, lack

6

a prejudicial effect on the parties. Accordingly, this Court finds that the Magistrate Judge found correctly that Plaintiff's motion for leave to amend should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration of the Magistrate Judge's September 4, 2014 order denying Plaintiff's request to file an amended complaint. (ECF No. 27.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE